```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
KEVIN M. BUSCH and
LESLIE J. BUSCH,                )
                                )
     Plaintiffs,                )    Civil No. 5:16-cv-210-JMH
                                )
V.                              )
                                )    MEMORANDUM OPINION
WELLS FARGO HOME MORTGATE       )    AND ORDER
INC. and WELLS FARGO BANK, N.A. )
                                )
     Defendants.
```

\*\*\*\*

This matter is before the Court upon Plaintiffs' Motion to Remand to State Court. [DE 7]. Defendants have filed a response to Plaintiffs' Motion [DE 8] to which Plaintiffs replied [DE 10], thus, Plaintiffs' Motion is ripe for review. Having reviewed the motion, response, and reply, as well as the Notice of Removal and Complaint [DE 1], and being otherwise adequately advised, the Court will deny Plaintiffs' Motion to Remand for the reasons set forth below.

*I.  BACKGROUND*

On May 27, 2016, Plaintiffs, Kevin and Leslie Busch, residents of Lexington, Kentucky, filed suit against Defendants, Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc., in Fayette Circuit Court asserting violations of the Fair Credit Reporting Act ("FCRA" or the "Act") and a myriad of state law

claims as a result of Defendants' alleged misapplication of Plaintiffs' mortgage payments. [DE 1-2].

On June 21, 2016, Defendants timely filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, citing federal question jurisdiction. [DE 1-1]. Specifically, Defendants aver that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because questions of federal law appear on the face of Plaintiffs' complaint under the FCRA, and therefore Plaintiffs' claims "arise under" federal law. *Id.*

On June 24, 2016, Plaintiffs filed the instant Motion to Remand pursuant to 28 U.S.C. § 1447(c). [DE 7]. Defendants oppose the Motion to Remand, contending that suits involving violations of the FCRA may be properly removed to federal court. [DE 8].

## *II. STANDARD*

District courts have original jurisdiction over "federal question" cases which arise "under the Constitution, laws, or treaties of the United States." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life*, 481 U.S. at 63.

2

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). The burden of proving the existence of federal jurisdiction falls on the removing party. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550. (6th Cir. 2006). Removal statutes are to be narrowly construed "because they implicate concerns of federalism." *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Therefore, "federal jurisdiction should be exercised only when it is clearly established, and any ambiguity . . . should be resolved in favor of remand." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

### III. DISCUSSION

Among other claims, Plaintiffs allege in their Complaint that Defendants violated the FCRA, 15 U.S.C. § 1681. [DE 1-1]. The FCRA provides that an action "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1681p. Despite asserting claims under the FCRA, Plaintiffs contend removal to this Court is

3

"inconsistent with the applicable Act," and therefore, improper. [DE 7-1].

To support this argument, Plaintiffs cite a pair of out-of-circuit cases, neither of which the Court finds persuasive. *See* DE 7-1, citing *Ruth v. Westinghouse Credit Co.*, 373 F. Supp. 468, 469 (W.D. Okla. 1974); *Griffin v. Hooper-Holmes Bureau, Inc.*, 413 F. Supp. 107, 108 (M.D. Fla. 1976). In *Westinghouse*, the court analogized the FCRA's jurisdictional language to that of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which traditionally preempted removal to federal court, holding that the either/or grant of jurisdiction in the FCRA was evidence of congressional intent to restrict removal from state to federal court. *Westinghouse,* 373 F. Supp. at 469. The comparison between the FRCA and the FLSA was primarily drawn because both statutes employ the "court of competent jurisdiction" language. *Id*. The *Griffin* court concurred with the holding in *Ruth*. *Griffin*, 413 F. Supp. at 108.

The lone Sixth Circuit authority Plaintiffs cite is *Harper v. TRW, Inc.*, 881 F. Supp. 294 (E.D. Mich. 1995). In *Harper*, the court seized upon the "competent court" language of 15 U.S.C. § 1681p to hold that a case involving the FCRA was not removable. *Id*. at 299. Crucially, however, the plaintiff in *Harper* sued only for violation of the Michigan constitution and

4

for invasion of privacy, which the court made clear is distinguishable from cases in which the plaintiff alleges violations of the FCRA on the face of the complaint. *Id*. In particular, footnote 5 of *Harper* unequivocally explains: "Defendant relies upon *Broom v. TRW Credit Data*, 732 F. Supp. 66 (E.D. Mich. 1990). However, in that case, the plaintiff alleged a violation of the FCRA on the face of his complaint. Therefore, removal was proper under the well-pleaded complaint rule." *Harper v. TRW, Inc.*, 881 F. Supp. 294, 299 (E.D. Mich. 1995).[1]

Here, however, unlike in *Harper* where the plaintiff sued only under state law, Plaintiffs allege on the face of their complaint that Wells Fargo violated the FCRA. [DE 1-2 at 5, Count IV]. As such, the Court finds that this case was properly removed to federal court pursuant to 28 U.S.C. § 1441(a). *See Barrett v. Fifth Third Bank*, 2013 WL 6576853 at *3 (W.D. Ky. Dec. 13, 2013)(denying motion to remand where the plaintiff

---

[1] The Court also notes that, in addition to the fact that Plaintiffs assert a violation of the FCRA on the face of their complaint, the rationale of *Westinghouse* and *Griffin* has been sharply criticized. *See e.g., Haun v. Retail Credit Co.*, 420 F. Supp. 859, 862 (W.D. Pa. 1976)(noting that the nascent reliance upon the FLSA to support a restriction on the right to remove an FCRA action was misleading, as the language itself is not as similar as some courts have suggested; the FLSA provides that a plaintiff may "maintain" an action in "any court of competent jurisdiction," but the FCRA denotes that a suit may be "brought" under the same standard, which is more permissive language than "maintain").

5

asserted an independent FCRA claim).  Therefore, Plaintiff's motion to remand must be denied.

## V. CONCLUSION

Accordingly, for all of the reasons stated above, **IT IS ORDERED** that Plaintiffs' Motion to Remand [DE 7] is **DENIED**.

This the 27th day of July, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge